**GEA POWER COOLING SYSTEMS, INC., Plaintiff,**

v.

**M/V NURNBERG ATLANTIC, her engines, machinery, tackle, apparel, etc., M/V PATRICIA I, her engines, machinery, tackle, apparel, etc., Hapag–Lloyd A.G., Hapag–Lloyd (America) Inc., Hapag–Lloyd Agencies, Partenreederei M.S. "Patricia I", and Century Express Ltd., Defendants.**

Civ. A. No. 89–9157.

United States District Court, E.D. Pennsylvania.

Oct. 11, 1990.

Stephen J. Galati, Mattioni Mattioni & Mattioni, Ltd., Philadelphia, Pa., for plaintiff.

David R. Kunz, Palmer, Biezup, Henderson, Philadelphia, Pa., for defendants.

## MEMORANDUM

TROUTMAN, Senior District Judge.

Plaintiff GEA Power Cooling Systems, Inc., filed a "Verified Complaint In Admiralty In Rem and In Personam" on December 26, 1989, naming multiple defendants as parties. Plaintiff brought this action under the Court's Admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff asserts a claim for damages suffered to goods, allegedly transported by any or all of the defendants, pursuant to the Carriage of Goods by Sea Act, 46 U.S.C.App. § 1300 *et seq.*, and the Harter Act of 1893, 46 U.S.C. App. §§ 190–196. As of the date of the attached order dismissing defendant ships M/V NURNBERG, M/V PATRICIA I, plaintiff has not made any attempt to further support its complaint or to otherwise aid the Court in determining whether "the conditions for an action in rem appear to exist". Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Supplemental Rules") C(3). Based upon the Court's study and research of the issue, we further conclude that the defendant Partenreederei M.S. "Patricia I" is to be

dismissed (i) for lack of prosecution for plaintiff's failure to effect service on a foreign corporation pursuant to Federal Rule of Civil Procedure 4, (ii) for plaintiff's failure to provide proof of defendant's non-presence within the Eastern District of Pennsylvania and (iii) for plaintiff's failure to allege and assert facts upon which the Court can determine whether "the conditions set forth in [Admiralty Supplemental Rule B(1)] appear to exist". Admiralty Supplemental Rule B(1). Therefore, plaintiff has failed to allege the necessary facts upon which the Court can base an order for attachment and garnishment.

Plaintiff's complaint, Counts I and II, asserts an in rem action against the defendant ships:

> Plaintiff prays that: (a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the [defendant ships] ... as provided in the Supplemental Admiralty Rules....

Such an action falls under Rule C of the Admiralty Supplemental Rules. Admiralty Supplemental Rule C(3) states that the Court shall review the verified complaint and any supporting papers, and "if the conditions for an action in rem appear to exist, an order so stating and authorizing a warrant for the arrest of the vessel ... shall issue...." By providing "if the conditions for an action in rem appear to exist", the Rule contemplates that a maritime lien must exist in accordance with Admiralty Supplemental Rule C(1), which, in the main part, provides

> An action in rem may be brought: (a) To enforce a maritime lien; [or] (b) Whenever a statute of the United States provides for a maritime action in rem, or a proceeding analogous thereto.

Plaintiff's complaint contains no specific allegation that a maritime lien exists.

Plaintiff cites both the Harter Act and the Carriage of Goods by Sea Act as the basis for part of its claim. Neither of these Acts, under the facts alleged, appear to create a maritime lien as contemplated in Admiralty Supplemental Rule C(1)(b). Nor has plaintiff alleged that the Federal Maritime Lien Act, 46 U.S.C. §§ 31341–31343, provides plaintiff with a maritime lien against the defendant ships. The general maritime law, which falls under Admiralty Supplemental Rule C(1)(a), may allow lien for claims arising out of contracts of affreightment.[1] While plaintiff asserts a claim against the defendant ships for damage to goods, the claim is not expressed in terms of being a "lien" against the defendant ships, or as being in fact a "lien" against said ships, pursuant to a statute or the general maritime law, in accordance with Admiralty Supplemental Rule C.

Like the pleading of jurisdiction in a civil complaint, the pleading of a maritime lien in an admiralty complaint must be specifically alleged. Without such an averment, the Court cannot proceed on its own to determine if a lien exists or "if the conditions for an action in rem appear to exist" pursuant to Admiralty Supplemental Rule C(3). As the Court of Appeals for the Eight Circuit has held:

> The first step in an action in rem is the filing of a verified complaint that describes the boat *and alleges that a maritime lien exists.*

*Goodman v. 1973 26 Foot Trojan Vessel,* 859 F.2d 71, 74 (8th Cir.1988) (emphasis added). The Court notes that a complaint in rem must be verified on oath or affirmation according to Admiralty Supplemental Rule C(2). Plaintiff has indeed submitted an affidavit along with the complaint, yet even in this, no allegation of the existence of a maritime lien is made. Like the specific pleading of jurisdiction in a civil complaint, a maritime lien must be specifically pleaded in an Admiralty complaint since an action in rem under Admiralty Supplemental Rule C only exists when enforcing a maritime lien.[2]

---

**1.** *See* 7A Moore's Federal Practice ¶ C.05.

**2.** It should also be noted that the arrest of the defendant ships does not appear necessary to insure recovery for plaintiff considering the amount of damages alleged. Further, the Court is concerned over imposing the cost and inconvenience that arresting the defendant ships

■ Regarding defendant Partenreederei, plaintiff's prayer in Count II requests that "[p]rocess in due form of law according to the practice of this Honorable Court may issue against Partenreederei...." The prayer in Count II also requests that "[i]f Defendant cannot be found within this District, then all of its property, credits and/or effects ... be attached as provided in the Supplemental Admiralty Rules...." The practice of this Court may be found in Admiralty Supplemental Rule B(1) which provides that a complaint such as this

> shall be accompanied by an affidavit signed by plaintiff or plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

Nowhere in the affidavit signed by plaintiff's attorney, or in the complaint, can a definitive statement regarding defendant's non-presence be found.[3]

The Notes of the Advisory Committee make clear that Rule B(1) "shifts from the Marshall ... to the plaintiff the burden of establishing that the defendant cannot be found in the district."[4] Like the pleading of jurisdiction, the statement that the defendant cannot be found within the district must be specifically pleaded in the complaint and specifically alleged in the affidavit required by Admiralty Supplemental Rule B(1). Without proper allegations stating the reasons why plaintiff cannot find defendant within the district, and therefore believes defendant is not within the district, it is impossible to determine whether "con-

ditions set forth in this rule appear to exist." Hence, an appropriate order follows.

ORDER

AND NOW, this 4th day of October, 1990, upon consideration of plaintiff's complaint in admiralty IT IS HEREBY ORDERED that:

1. Defendant ships M/V NURNBERG ATLANTIC and M/V PATRICIA I, ONLY, are DISMISSED due to plaintiff's failure to submit a pleading sufficient for this Court to act under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

2. Defendant Partenreederei M.S. "Patricia I", ONLY, is DISMISSED pursuant to the provisions of Rule 4 of the Federal Rules of Civil Procedure relating to service on a foreign corporation and for plaintiff's failure to plead sufficiently for this Court to act under Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

---

would create. Unless or until a more definite showing of a cause of action directly against the ships, in rem, exists, by a specific allegation of a lien and how that lien relates to plaintiff's claim, the Court will not exercise its powers to the unnecessary detriment of others.

3. It would appear that plaintiff, by phrasing his prayer this way, is stating that, in the course of plaintiff's attempt to effect service upon the defendant, should plaintiff not be able to find Partenreederei within the district, *then* plaintiff would provide an affidavit regarding its diligent

attempt to serve Partenreederei and subsequent failure to find said defendant. At no time, however, did plaintiff support its prayer for attachment with such an affidavit.

4. The requirement that the plaintiff bear the burden of showing that the defendant cannot be found within the district is apparently not a change from past practice. Moore's states that "it appears that even under the former practice the diligence of the plaintiff was often accorded more weight than the diligence of the marshall." 7A Moore's Federal Practice ¶ B.07.